Robert E. Aycock (#8878)
William B. Chadwick (#16416)
**PIA ANDERSON MOSS HOYT, LLC**
136 E. South Temple, Suite 1900, SLC, UT 84111
Phone: (801) 350-9000
raycock@pamhlaw.com
wchadwick@pamhlaw.com

*Attorneys for Plaintiff ComicBookMovie.com*

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BEST LITTLE SITES, LLC, a Utah limited liability company, d/b/a COMICBOOKMOVIE.COM<br><br>Plaintiff,<br><br>-vs-<br><br>DOUGLAS KIRKLAND, an individual<br><br>Defendant. | **COMPLAINT**<br><br>Case No.<br><br>Judge:<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Best Little Sites, LLC, d/b/a ComicBookMovie.com ("***CBM***" or "***Plaintiff***") by and through its attorneys assert this Complaint against Douglas Kirkland ("***Kirland***" or "***Defendant***") and alleges as follows:

## NATURE OF ACTION

1. CBM seeks a declaratory judgment that CBM and its users are not liable to Kirkland for infringement of copyright law and, in the alternative, declaration of appropriate copyright remedies under the U.S. Copyright Act, 17 U.S.C. § 106, and an award of damages, attorneys' fees and costs.

1

## PARTIES

2. Plaintiff is a Utah limited liability company duly organized and existing under the laws of Utah, with a principal place of business at 639 E 720 N, Lindon, UT 84042.

3. Upon information and belief, Defendant Douglas Kirkland is an individual residing in California.

## JURISDICTION AND VENUE

4. The Court has jurisdiction under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202 and under the laws of the United States concerning actions relating to copyright, 28 U.S.C. § 1338(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

6. This Court has personal jurisdiction over Kirkland because Kirkland conducts business transactions in this State. Kirkland has solicited a copyright license agreement with CBM in this State.

7. A substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in this Judicial District. Venue therefore lies in the United States District for the District of Utah.

## FACTUAL BACKGROUND

1. ComicBookMovie.Com is a user-generated website where fans can post text, images, and comments related to movies based on comic books and other movies in that genre.

2. CBM does not have employees and is operated and maintained by its sole owner.

3. CBM has had a Designated- Agent under the Digital Millennium Copyright Act ("DMCA") at all material times. *See* Best Little Sites, LLC DMCA Designated Agent Directory screenshots, attached hereto as **Exhibit A**.

4. CBM has a DMCA Policy published on its website explaining the DMCA take-down and notice procedure. *See* Comic Book Movie Copyright Policies, attached hereto as **Exhibit B**.

5. Every user-generated post on CBM's website includes the following language: "DISCLAIMER: ComicBookMovie.com is protected from liability under the DMCA (Digital Millenium Copyright Act) and "Safe Harbor" provisions. This post was submitted by a volunteer contributor who has agreed to our Code of Conduct. CBM will disable users who knowingly commit plagiarism, piracy, trademark or copyright infringement. Please contact us for expeditious removal of copyrighted/trademarked content. Learn more about our copyright and trademark policies HERE."

6. On or about March 13, 2019, CBM received a copyright infringement demand ("Demand") claiming that a user-generated post on CBM's website contained one embedded image that allegedly infringed Kirkland's copyright ("Accused Image"). Demand attached hereto as **Exhibit C**.

7. The Demand was not sent to CBM through approved DMCA channels.

8. The Demand states, "I have an obligation to caution you about the seriousness of the matter. If forced to go to court to resolve the matter, my client will ask for the maximum justifiable damages. My client may also ask the court to order ComicBookMovie.com to pay their attorneys fees and court costs. Copyright lawsuits can result in judgments, wage garnishments and liens on property. In some instances, the business owner can be held individually liable." *Id.*

9. The Demand also states, "[W]ithout your cooperation, our only option is to litigate the matter, which we frequenlty [sic] do, so please do not make the mistake of ignoring this. If this matter is litigated, the demand amount will likely quadruple or more, and then you will likely also have to pay attorneys fees." *Id.*

10. Upon receipt of the Demand, CBM acted expeditiously to remove and disable access to the Accused Image in accordance with its DMCA takedown policy.

11. The Accused Images were displayed on CBM's website by embedding the image and linking back to the third-party server. The Accused Images were all stored on servers belonging to third parties and were not stored on servers that CBM controlled. The Revised Demand includes a file path for each of the Accused Images. None of the provided file locations provided for any of the Accused Images direct to a location or server under the custody or control of CBM. *Id.*

12. The Accused Image was posted by CBM users who are not employees or owners of CBM.

13. The Accused Image was not posted on CBM's website at the direction of CBM.

14. CBM did not have actual knowledge that the Accused Images were infringing or allegedly infringing until it received the Demand and Revised Demand, at which point CBM immediately removed the embedded images.

15. CBM was not aware of facts or circumstances from which it was apparent that the Accused Image was infringing.

16. CBM obtained minimal (if any) monetary benefit directly or indirectly from its use of the Accused Image during the brief period that it was posted on its website.

17. On or about March 25, 2019, CBM sent an email to Kirkland's counsel in response to the Demand, notifying them that CBM had removed the images in compliance with the DMCA. *See* March 27, 2019 email, attached as **Exhibit D**.

18. On or about March 27, 2019, Kirkland's counsel responded via email that it "cannot find a new DMCA registration for [CBM] after 2016."

19. On or about April 10, 2019, CBM's counsel provided documentation to Kirkland from the publicly available DMCA Designated Agent Directory showing that Best Little Sites, LLC and CBM had a DMCA Designated Agent at all times material hereto. *See* April 10, 2019 email, attached hereto as **Exhibit E**; **Exh. A**.

20. On or about April 15, 2019, CBM's counsel informed Kirkland's counsel that the Accused Image had been removed and that "ComicBookMovie.com is a user-generated site with no employees. Users [] can post content to the site. Because this content is posted at the direction of a user and because CBM acted expeditiously to remove the material upon obtaining awareness of alleged infringement, CBM is protected from liability by the safe harbor provisions in 17 U.S.C. 512(c)." *See* April 15, 2019 email, attached hereto as **Exhibit F**.

21. On or about April 19, 2019, CBM's counsel had a phone call with Kirkland's counsel and reiterated its position that CBM behavior fell into a safe harbor provision of the DMCA and that the posting of the Accused Image did not constitute copyright infringement because the images were hosted on a server outside of CBM's custody or control.

22. Kirkland's counsel disagreed with CBM's position and continued to allege that CBM was liable for copyright infringement.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of No Copyright Infringement)

23. Plaintiff repeats and re-alleges each of the allegations of this complaint as though fully set forth herein.

24. There is a substantial and continuing justiciable controversy between CBM and Kirkland as to Kirkland's right to threaten or maintain suit for infringement of the Accused Image by CBM or its users, as to the validity, enforceability and scope of the alleged copyright in the Accused Image, and as to whether the Accused Image as used by CBM or its users infringes any valid and enforceable rights owned by Kirkland.

25. Upon information and belief, the Accused Image was posted by users on CBM's website do not infringe any valid and enforceable copyright owned by Kirkland.

26. In the alternative, if CBM's use of the Accused Image does infringe a copyright owned by Kirkland, CBM's use was not willful and remedies for such use should not exceed Market Value.

27. The Court should issue a declaratory judgment stating that Kirkland is without right or authority to threaten or to maintain suit against CBM or its users for alleged copyright infringement, that no valid and enforceable copyright is infringed by CBM or its customers based on its use of the Accused Image, or if infringement is found, it was not willful and any remedy should not exceed Market Value.

28. By reason of Defendants' wrongful allegations of infringement and other wrongdoing committed by Defendants as alleged herein, a declaratory judgment is necessary to resolve, clarify, and settle the respective rights and legal positions of the parties.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.      Entry of judgment that Kirkland is without right or authority to threaten or to maintain suit CBM or its users for alleged copyright infringement and that no valid and enforceable copyright is infringed by CBM or its customers based on its use of the Accused Image, or if infringement is found, it was not willful and any remedy should not exceed Market Value per Accused Image found to be infringed;

2.      Entry of a preliminary and permanent injunction enjoining Kirkland, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Kirkland from threatening CBM or any of its agents, servants, employees, or customers with infringement litigation or charging any of them either verbally or in writing with copyright infringement;

3.      Entry of judgment for costs and reasonable attorney fees incurred by CBM; and

4.      Such other and further relief as the Court may deem appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury for causes of action, claims, or issues in this action, claims, or issues in this action that are triable as a matter of right to a jury.

Dated this 9th day of May, 2019.

                                                                     PIA ANDERSON MOSS HOYT

                                                                      */s/ Robert E. Aycock*
                                                                      Robert E. Aycock
                                                                      William B. Chadwick

                                                                      *Attorneys for Plaintiff ComicBookMovie.com*